# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HARRIS CORPORATION,**
                              **Plaintiff,**

**-vs-**                                              **Case No.  6:05-cv-1388-Orl-19DAB**

**JERRI L. DUNN,**
**SHARON L. TAYLOR,**
**THOMAS G. COX,**
                              **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO REOPEN MATTER AND RENEWED MOTION FOR INTERPLEADER (Doc. No. 56)** |
| **FILED:** | **August 4, 2006** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, **in part** and **DENIED, in part.**

### BACKGROUND

This is an action for interpleader regarding the proper beneficiary(s) of the vested balance in

the Retirement Plan account for Buddy Cox, a former Harris Corporation employee, now deceased.

According to the Renewed Motion, and the other matters of record, the pertinent facts for present

purposes are undisputed.

Harris Corporation ("Harris") sponsors the Harris Corporation Retirement Plan ("the Plan") for the benefit of its employees.  Buddy Cox, a former (now deceased) employee of Harris participated in the Plan, and, at the time of his death (March 2005), the Plan had an accrued balance ("the Fund") that now belongs to his beneficiary(s).  The identity of the correct beneficiary(s) is at issue.

On August 8, 1990, Cox executed a Beneficiary Designation ("the first form"), designating his son Thomas G. Cox as the sole beneficiary.  Harris also has in its possession an unsigned and undated beneficiary form ("the second form") in which Sharon L. Taylor, Buddy Cox's daughter, and Jerri L. Dunn, Cox's friend[1], are designated as co-beneficiaries of the account.  The second form is stamped as received by Fidelity Investments Institutional Operations Co.[2] ("Fidelity") on April 14, 2001, and also stamped as Received, presumably by Harris (as Harris admits to possession of the second form), on April 19, 2001.

The procedures established pursuant to the Plan require that beneficiary forms be signed.  The record is silent with respect to what actions (if any) were taken by Fidelity or Harris upon receipt of the unsigned second form.  It appears that the second form was received by Fidelity and Harris, without objection raised or request for clarification made to Buddy Cox.

Following Cox's death four years later, Fidelity was notified of same by Dunn and Taylor, who purported to be the beneficiaries.  Then, as stated by Harris: "As Plan Administrator, Harris Corporation, through its Employee Benefits Committee ("EBC") considered the claims of the

---

[1]There is some indication in the record that Ms. Dunn was Cox's significant other.  At this stage, the exact nature of the relationship is not relevant.

[2]The Complaint asserts that Fidelity is a third party administrator for the Plan.

potential beneficiaries." By letter dated May 23, 2005, the Committee issued its determination that Thomas G. Cox was the proper beneficiary of Buddy Cox. The EBC advised Jerri L. Dunn and Sharon L. Taylor of their right to appeal the decision. By letter of June 28, 2005, counsel for Dunn requested a review and appeal of the decision. Harris Corporation "resolved the administrative appeal" by instituting this interpleader action "to determine the proper beneficiary of the Fund."

Harris brought this action, and filed a previous motion seeking interpleader, dismissal from the case, and an award of attorney's fees and costs. Upon full briefing and consideration, the undersigned issued a report and recommendation that the motion for interpleader be denied, as premature, and the action abated, in order for the Plan Administrator to resolve the administrative appeal undertaken by Defendant Dunn (Doc. No. 42). The District Court adopted the report and ordered the matter abated, noting that any party may return to the Court upon proper motion and seek review of the administrative decision after it is final (Doc. No. 51).

The instant motion notes that following the issuance of this Order, the EBC reopened the administrative appeal filed by Dunn, and gave all claimants an opportunity to submit additional information and documents to the EBC for its consideration. Defendant Cox submitted a package of materials (Doc. No. 56 - Exhibit 3), as did Defendant Dunn (Doc. No. 56 - Exhibit 5). Defendant Taylor did not submit additional materials, although her Affidavit was included in Dunn's submission to the committee (Doc. No. 56 at 5). The EBC then met and made a final decision on June 20, 2006, in favor of affirming the original determination awarding the Fund to Thomas Cox (Doc. No. 56 at Exhibit 7). Harris represents that it informed all claimants of the determination, and Dunn and Taylor have represented that they will not release their claim to the Fund. This motion followed. No opposition papers have been filed by any party.

-3-

### ANALYSIS

As noted by Harris, this Court recommended denial of the prior motion because the suit was premature in that no final administrative determination had been made.  As Harris has now concluded the administrative appeal as contemplated by the Court, and, as it appears that Dunn and Taylor wish to appeal that determination for resolution in this Court, the procedural posture of the dispute has changed, and the action is now ripe for consideration on the merits.

As noted previously, this action is not brought under the interpleader statute, but rather as an ERISA action under 29 U.S.C. § 1132(a)(3) and as an interpleader action pursuant to Fed. R. Civ. P. 22.  Section 1132(a)(3) provides, in pertinent part, that a civil action may be brought by (among others) a fiduciary "to obtain . . . appropriate equitable relief" or "to enforce . . . the terms of the plan." 29 U.S.C. § 1132(a)(3).  Rule 22 states: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."  In the Complaint and the current motion, Harris alleges that the competing claims of the beneficiaries expose it to multiple liability, and no party has contested this assertion.[3]  While the competing claimants may challenge the *merits* of the administrative determination, no party has raised any grounds sufficient to show that interpleader is not an appropriate avenue to address that challenge.  The Court therefore finds that Plaintiff has carried its initial burden of establishing that the action is appropriately brought.  *See Metropolitan Life Ins. Co. v. Bigelow,* 283 F.3d 436 (2d Cir. 2002); *Aetna Life Ins. Co. v. Bayona,* 223 F. 3d 1030 (9th Cir.

---

[3]Indeed, the present motion is unopposed, as no timely opposition brief has been filed by any party.

2000); and *Central States, Southeast & Southwest Areas Pension und v. Howell,* 227 F. 3d 672 (6th Cir. 2000).[4]

Having established that the action was appropriately brought, Harris seeks to be dismissed, with prejudice, in order to allow the Defendants to litigate amongst themselves as to the identity of the appropriate beneficiary(s).[5]  Harris also seeks an injunction barring any and all defendants from instituting any action against Harris, with respect to the Fund.

The Court finds that interpleader is appropriate and the dismissal of Plaintiff (without prejudice at this time) should be granted, conditioned upon Plaintiff's continued stewardship of the Fund, pending resolution of the competing claims.  While there is an issue as to whether Plaintiff is truly disinterested in view of Harris' written determination that the Fund belongs to Thomas Cox, there is no suggestion that Harris has a personal interest in the Fund for its own use or benefit.  Simply put, Harris is not itself a claimant for the Fund and does not dispute that the appropriate beneficiary(s) are among the Defendants.  Moreover, although the motion reflects that Defendants Thomas Cox and Sharon Taylor oppose the motion, no party has filed a response to the motion in opposition to the relief sought, nor are there any counterclaims against Plaintiff, or any other issue which would preclude the withdrawal of Plaintiff.[6] As such, the request for dismissal should be granted.  *See*

---

[4]The Court is aware that it distinguished these cases in its prior report, but the basis for doing so related to the procedural posture of the instant case, which has since changed.  The Court did not (and does not) disagree with the proposition put forth by these cases; to wit, that interpleader can be utilized in competing beneficiary cases, where appropriate.

[5]Although Harris asks to be dismissed, it has agreed to continue to hold the Fund until the Court issues a final determination as to the appropriate beneficiary(s).  Considering the nature of the funds and the tax consequences that may result from any distribution, the Court finds this course appropriate.

[6]Dunn has raised several affirmative defenses such as estoppel and waiver, but these defenses relate to the ultimate issue of the identity of the proper beneficiary; an issue which Harris now claims no interest in.  While the factual circumstances of the case no doubt suggest that Harris, the Committee and perhaps Fidelity employees may be called upon as witnesses in this litigation, the Court sees no reason to compel Harris to remain a *party*, if it does not wish to be so.

*Kurland v. U.S.,* 919 F.Supp. 419, 421(M.D. Fla. 1996) ("It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs.").

Harris also asks the Court for issuance of an injunction barring any and all defendants to this action from instituting any action against Harris or the Plan, with respect to the Fund.  No party has objected to this request, but Harris has not cited the Court any authority supporting the appropriateness of injunctive relief here.  Although 28 U.S.C. § 2361 provides for issuance of an injunction in a statutory interpleader action, as Harris repeatedly reminds the Court in its papers, this is a Rule 22 and ERISA interpleader action, not a statutory interpleader action.  This statutory provision is not available as a basis for an injunction in a Rule 22 case, especially considering that Harris is not providing a bond or depositing the Fund in the Court's registry.  *See, e.g. Life Ins. Co. of North America v. Thorngren,*  2005 WL 2387596, *4 (D.Idaho, September 27, 2005) (Rule 22 and ERISA action for interpleader case: "When a restraining order is sought in a Rule 22 interpleader action, the court looks to the standards of 28 U.S.C § 2283,  and Fed.R.Civ.P. 65, and not to those of statutory interpleader. . .") *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1717.

Moreover, although there is authority for the proposition that the court has power to enter such injunctive relief in rule interpleader actions "where necessary to in aid of its jurisdiction, or to protect or effectuate its judgments,"*see, eg., General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 706-7 (7th Cir. 1991), any such request must comply with Rule 65, Fed. R. Civ. Pro. and the usual standards for granting a preliminary injunction, and is by no means automatic.  As the Supreme Court has noted: "While courts of equity in such suits may and frequently do give incidental relief by injunction to

-6-

secure the full benefits of the adjudication and to terminate the litigation in a single suit, they are not bound to do so and their adjudication of the conflicting claims is not any the less effective as res judicata because not supplemented by injunction." *State of Texas v. State of Florida*, 306 U.S. 398, 412, 59 S.Ct. 563, 570 (1939).

Here, there is no showing that such an injunction is necessary.  As a practical matter, counterclaims or other actions against Harris are not maintainable with respect to the Fund, in view of the granting of an interpleader motion.  See *Metropolitan Life Insurance Company v. Barretto*, 178 F.Supp.2d 745, 747-48 (S.D.Tex.2001) ("[a]n interpleader suit serves to shield an uninterested stakeholder from the costs of unnecessary, multiple litigation. [Citation omitted]. 'Were the defendants in the interpleader action permitted to carry forward with counterclaims against the stakeholder based upon the same interpleaded funds, the very purpose of the interpleader action would be utterly defeated.' [Citations omitted]"); *Daniels v. Equitable Life Assurance Soc. of the United States,* 35 F.3d 210, 214-15 (5th Cir.1994) (where an interpleader is found proper, breach of contact and tort claims are collaterally estopped); *Monumental Life Ins. Co. v. Lyons-Neder*, 140 F.Supp.2d 1265, 1272-74 (M.D.Ala.2001) (summary judgment granted on counterclaims against plaintiff for bad faith and breach of contract because insurance company properly initiated interpleader action to determine rightful beneficiary of policy proceeds where deceased's wife was murder suspect); accord *Abstract & Title Guar. Co., Inc. v. Chicago Ins. Co.,* 2006 WL 1343860, *4 (S.D.Ind., May 12, 2006) (slip opinion) ("While the claims at issue here are not counterclaims, but instead arise in an independent action, they are the functional equivalent of counterclaims and therefore are governed by the same principles limiting their scope.").

To the Court's knowledge, no other cases are presently pending in state court, nor are any counterclaims pending here.  All interested parties are before this Court, and ERISA likely pre-empts any state law claim to the Fund that a party may contemplate.  Absent a showing of need and compliance with Rule 65, it is recommended that the Court decline injunctive relief at this time, without prejudice to reconsideration, if appropriate, following adjudication of the merits of the case.

Thus, it is **respectfully recommended** that the motion be **granted, in part and denied, in part.**  The Court should reopen the case, and grant Plaintiff's request for interpleader; Plaintiff should be dismissed from active participation in the suit, but, due to the continued stewardship of the Funds at issue, the dismissal should be with recognition that Plaintiff is still subject to the jurisdiction of this Court with respect to management of the Fund during the pendency of this litigation and final distribution of the Fund; Plaintiff's request for injunctive relief should be **denied**, without prejudice to reconsideration, if appropriate, at the conclusion of the case.

As there were no responses to the motion, the Court is uncertain as to the positions of the parties, with respect to the Plan's decision to award the Fund to Defendant Cox.  To the extent Defendants Taylor and/or Dunn intend to prosecute a claim to the Fund, they should be designated as Plaintiffs, and it is suggested that, should the District Court adopt this Report and Recommendation,  the Court should order the remaining  parties to meet and complete a Case Management Report in order to move the case forward to final resolution.  Toward that end, a Case Management Conference before the undersigned might be helpful.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

-8-

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties